**UNITED STATES of America, Plaintiff (89–5660), Plaintiff–Appellant (89–5701),**

**Kit Wagar and Lexington Herald–Leader Company, Intervenors–Appellees (89–5660/5701),**

v.

**KENTUCKY UTILITIES COMPANY, Defendant–Appellant (89–5660), Defendant (89–5701).**

Nos. 89–5660, 89–5701.

United States Court of Appeals, Sixth Circuit.

Argued April 10, 1990.

Decided March 4, 1991.

See also 124 F.R.D. 146.

---

Thomas W. Miller (argued), Theodore E. Cowen, Miller, Griffin & Marks, Lexington, Ky., for intervenors-appellees.

Malcolm Y. Marshall (argued), Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, Ky., for defendant-appellant.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Mary Doyle (argued), Department of Justice, Appellate Staff, Civ. Div., Terry M. Henry, Stuart E. Schiffer, Elizabeth A. Pugh, Leonard Schaitman, U.S. Department of Justice, Civ. Div., Washington, D.C., for plaintiff-appellant.

Before GUY and NORRIS, Circuit Judges, CONTIE, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Appellants, United States of America and Kentucky Utilities Company ("KU"), appeal from an order of the United States District Court for the Eastern District of Kentucky modifying a Stipulation and Order of Dismissal arrived at by mutual agreement of the appealing parties.

## BACKGROUND

This matter comes to us by a tortuous procedural route. On February 26, 1981, the United States brought an antitrust action against KU alleging that it had monopolized the sale and transmission of electric power to certain of its customers. After five years of litigation and discovery in which thousands of documents were produced, the parties agreed that the suit should be dismissed. Accordingly, they prepared a Stipulation and Order of Dismissal, pursuant to Fed.R.Civ.P. 41(a), providing for the dismissal with prejudice of plaintiff's complaint and cause of action. The order was filed on June 11, 1986 after having been signed by counsel for the parties and the district judge.

In addition to dismissing the complaint, this order ("the June order") included a proviso directing the Department of Justice ("DOJ") to destroy all documents obtained through discovery.[1]

On June 16, 1986, Kit Wagar, a staff writer for the *Lexington Herald–Leader*, filed a Freedom of Information Act ("FOIA") request with the DOJ seeking all documents obtained during the discovery process.[2] The DOJ immediately stopped destroying the documents; at that time, less than fifty percent of the documents had been destroyed.

Upon learning of Wagar's request, KU obtained an *ex parte* order which prohibited the DOJ from disseminating any remaining documents pending a production hearing. Wagar filed a motion seeking permission to intervene and for access to the documents. On July 25, the district court denied Wagar's motion to intervene, stayed the June order, and prohibited any further destruction or disclosure of the documents until a separate FOIA action could be resolved.

On December 18, Wagar and her newspaper (the two will be referred to collectively in this opinion as "Wagar") filed a FOIA

---

1. The specific language of the proviso follows:

    IT IS FURTHER ORDERED that, within thirty days of entry of this Stipulation and Order, Plaintiff shall certify to the Defendant and to this Court, upon oath of its counsel, that it has destroyed all copies of documents obtained through discovery procedures herein, including copies thereof made by the certifying party, except that: (1) documents made exhibits to depositions and required to be maintained by ATR 2710.1 shall not be required to be destroyed, and (2) no document subject to an outstanding request under the Freedom of Information Act ("FOIA") shall be required to be destroyed until the request and any related litigation over the request, including appeals, is resolved.

    IT IS FURTHER ORDERED that, should Plaintiff deem that it is required to reproduce any such document pursuant to an FOIA request or in the course of litigation related to that request, nothing in this Order shall preclude Plaintiff from doing so; and that, upon request, the Clerk of the Court shall deliver to Defendant and Plaintiff all documents submitted by those respective parties for *in camera* inspection.

2. 5 U.S.C. § 552 sets out procedures for public inspection and copying of the records of federal government agencies.

action against the DOJ seeking release of improperly withheld agency records. The district court concluded that, when an agency complies with a court order, it is not improperly withholding records. On appeal, this court affirmed, noting that the appropriate forum for Wagar's attack on the validity of the June order was in the district court. *Wagar v. United States Dep't of Justice*, 846 F.2d 1040 (6th Cir. 1988).

Wagar then filed a motion in the underlying antitrust case seeking a temporary restraining order preventing further destruction of documents and, once again, to intervene. The court entered an order preventing further destruction of documents pending a decision on Wagar's motion to intervene. Wagar again filed a motion to amend the June order.

The court permitted Wagar to intervene and modified the June order to the extent that it rescinded the provision requiring the DOJ to destroy discovery documents. Because that provision seemed to it more analogous to a protective order than a settlement agreement between private parties, the court concluded that it had authority to modify the order. The court reasoned that it retained jurisdiction because the documents would have been released pursuant to the FOIA but for the court's enforcement of the order, and that, like a protective order, the June order could be maintained only upon a showing by the government and KU of "good cause." *See* Fed.R. Civ.P. 26(c). Concluding that they had not carried this burden and that important public policies supporting disclosure were implicated, the district court modified the June order. This court granted KU's motion for a stay pending appeal.

### DISCUSSION

This appeal requires us to determine the appropriate approach to be followed by the district court in considering Wagar's efforts to obtain modification of the court-approved settlement agreement. The DOJ and KU urge this court to adopt a standard which would require a party seeking modification to demonstrate the existence of a "significant and unforeseen change in circumstance." The DOJ argues that "it is important for those whom the government litigates against to know that it will, absent some significant and unforeseen change in circumstance, stand by the settlement agreement it enters into." KU adds that "[i]t would greatly discourage settlements if, after agreement is reached[,] ... one element of the settlement ... could be eliminated." Wagar, on the other hand, asks this court to require a showing of good cause by parties seeking to enforce what is essentially a protective order since the order frustrates the public policy underlying the FOIA.

A protective order ordinarily protects papers that would commonly be accessible to public scrutiny as part of the court's records. Here, the documents ordered destroyed are not a part of public court records and, absent discovery, would have remained private. The district court acknowledged that parties who maintain documents outside the record may preserve their confidentiality after the case is over. Nevertheless, the court believed it should approach the question as though the documents were a part of the record. The district court erroneously read our earlier decision in *Wagar*, 846 F.2d 1040, as saying that the documents "would be required to be disclosed by the FOIA, but for the court order sought to be modified." However, this court did not hold that the documents would be within the purview of the FOIA were it not for the June order.

Indeed, whether these kinds of documents are subject to the requirements of the FOIA is a question which has dogged these proceedings from the beginning, but has yet to be decided. If the discovered documents had been filed with the district court, then they would have been available to the public as court records; reliance upon FOIA procedures would not have been required. On the other hand, if the documents had come to the DOJ in the ordinary course of business, they would be normal agency records subject to FOIA production. 5 U.S.C. § 552(a)(3). Manifestly, the documents did not fall into the

first category as court records. Furthermore, since they were private records which coincidentally came into the possession of the DOJ only for the limited purposes of discovery, it is unclear whether they are normal agency records. *See Goland v. Central Intelligence Agency*, 607 F.2d 339 (D.C.Cir.1978) (court rejected argument that agency's possession of a document per se dictates status as "agency record"), *cert. denied*, 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

In any event, these documents were not part of the court's records, nor had the FOIA question been decided. The district court should not have treated the proviso as though it were a protective order, or the perpetuation of one, since the parties to the order never sought one. Moreover, the question whether Wagar can qualify as an intervening party requires closer scrutiny.

The district court should have viewed Wagar's efforts as those of an outsider seeking to intervene in the underlying antitrust case in order to be in a position to seek vacation of the June order, with the ultimate objective of persuading the district court to enter a new dismissal order omitting the proviso language. Under Fed. R.Civ.P. 24(a)(2), Wagar would be entitled to intervene only in the event she could demonstrate that she "claims an interest relating to the property or transaction which is the subject of the action." Under the circumstances of this case, Rule 24(a)(2) would require the district court to condition Wagar's intervention upon a showing that she has a "significantly protectable interest" in the copies. *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). Because the papers she seeks are not in the court record, but are instead copies of private documents that came into the possession of the DOJ only for the limited purposes of discovery and were not safeguarded by a protective order during discovery, Wagar faces a formidable burden in attempting to demonstrate that her desire for access to materials of such a private nature rises to the status of an interest of so significant a magnitude as to entitle her to participate as a party to the action and challenge the June order.

At least conceptually, the question posed by Wagar's request for intervention is not all that different from the one she ultimately hopes to have answered under the FOIA—whether she is entitled to the copies as agency records. For one is hard-pressed to say how she could be entitled to party status in the antitrust action unless she has a strong claim of entitlement to the copies. In other words, were the answer to the FOIA question clearly in the negative, Wagar could not intervene.

If Wagar qualifies as an intervenor, she must then satisfy the district court that there are extraordinary circumstances entitling her to relief from judgment under Fed.R.Civ.P. 60(b)(6). Because the parties to the June order relied upon the proviso to preserve the private nature of the original documents, Wagar will need to demonstrate the kind of extraordinary circumstances and compelling need that would warrant the district court in concluding that she has demonstrated an interest in the papers which outweighs the original parties' interest in preserving the terms of the June order and the public's interest in fostering and preserving settlements.

Should the district court, as a result of further proceedings on remand, determine that Wagar is entitled to intervene as a party and is entitled to relief from the June order, it does not follow that she will be entitled to access to the documents. Rather, with the removal of the proviso language, Wagar may then pursue an action under the FOIA to determine whether the documents in question are agency records subject to production under the Act.

For the reasons stated, the order of the district court is reversed, and this cause is remanded for further proceedings according to law and consistent with this opinion.

RALPH B. GUY, Jr., Circuit Judge, concurring.

As Judge Norris has observed, the question of entitlement to these documents under the FOIA "has dogged these proceedings from the beginning." I would go

ahead and decide that issue in this appeal, and my decision would be that the documents are not discoverable under the FOIA under these circumstances. Otherwise, I concur in Judge Norris' opinion.