STATE of Florida ex rel. Robert A. BUTTERWORTH, Plaintiff,

v.

JONES CHEMICALS, INC. (FLORIDA), et al., Defendants.

No. 90–875–Civ–J–10.

United States District Court, M.D. Florida, Jacksonville Division.

March 4, 1993.

R. Scott Palmer, Asst. Atty. Gen., Tallahassee, FL, for plaintiff.

Keith E. Rounsaville, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Tampa, FL, David Deep, Deep & Womack, Henderson, KY, O. David Barksdale, Bedell, Dittmar, DeVault & Pillans, Jacksonville, FL, Gordon L. Lang, Gary E. Cross, Dunaway & Cross, Washington, DC, for defendants.

William H. Pryor Jr., Walston, Stabler, Wells, Anderson & Bains, John C. Hall, III, Rives & Peterson, Birmingham, AL, for putative intervenors.

## ORDER

SNYDER, United States Magistrate Judge.

This cause is before the Court on two motions to intervene. A Motion for Permissive Intervention to Modify Protective Order (Doc. # 157) (hereinafter First Motion) was filed on October 13, 1992, by several municipalities and municipal entities who are Plaintiffs in a civil action in the United States District Court for the Northern District of Alabama (hereinafter Alabama Plaintiffs). A second Motion for Permissive Intervention to Modify Protective Order (Doc. # 180) (hereinafter Second Motion) was filed on December 18, 1992, on behalf of several plaintiffs-in-intervention in the Alabama case referred to previously (hereinafter Alabama Plaintiffs-in-Intervention). Opposition was filed by Defendants P.B. & S. Chemical Company, Inc., Van Waters & Rogers, Inc., Chemicals, Inc., and Jones Chemicals, Inc.[1] The State

---

1. *See* Memorandum of Defendant P.B. & S. Chemical Company, Inc. in Opposition to Motion for Permissive Intervention (Doc. # 164) (hereinafter P.B. & S. Memorandum) and Van Waters &

of Florida's Reply or Amicus Brief with Regard to Permissive Intervention to Modify Protective Order (Doc. # 184) was filed with leave of Court on December 21, 1992. Finally, the Alabama Plaintiffs' Memorandum in Response to Van Waters & Rogers, P.B. & S. Chemical Co., and Jones Chemicals and in Support of Motion for Permissive Intervention to Modify Protective Order (Doc. # 185) (hereinafter Alabama Plaintiffs' Reply) was filed on December 21, 1992. A hearing was held on the First Motion on January 20, 1993.

### Background

On September 24, 1990, the State of Florida filed its complaint alleging, among other things, a conspiracy in unreasonable restraint of trade in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and seeking treble damages, attorney's fees, costs and interest, and a permanent injunction. *See* Complaint and Demand for Jury Trial (Doc. # 1) (hereinafter Florida Complaint) at 36, 39. On December 20, 1990, a Protective Order was entered which restricted the disclosure of all information, documents and materials which were marked by the producing party as containing confidential information. Protective Order (Doc. # 39) at 2. At the conclusion of the litigation, all confidential information and all copies thereof were to be "promptly returned to counsel for the party that produced it, or, in the alternative, destroyed." *Id.* at 6. On May 12, 1992, the Court entered an Order dismissing the last remaining defendant in the case which effectively terminated the action. *See* Order of Dismissal with Prejudice (Doc. # 155).

On July 15, 1992, the Alabama Plaintiffs filed their complaint in the United States District Court in and for the Northern District of Alabama, alleging, among other things, a "conspiracy designed unreasonably to restrain trade" in violation of Section 1 of the Sherman Act involving four of the six defendants in this case. *See* First Motion, Exhibit A (hereinafter Alabama Complaint), at 1, 7. They served a subpoena on the attorney for the Plaintiff in this action seeking:

1. All pleadings, motions, affidavits and other documents filed or served by you or received by you in connection with *State of Florida v. Harcros Chemicals, et al,* Case No. CV–90–875 (M.D.Fla.).

2. All documents produced to you or by you during the discovery process in *State of Florida v. Harcros Chemicals, et al,* Case No. CV–90–875 (M.D.Fla.).

3. All expert witness reports, witness statements (sworn or unsworn), deposition transcripts, hearing transcripts in connection with the investigation and civil prosecution of *State of Florida v. Harcros Chemicals, et al,* Case No. CV–90–875 (M.D.Fla.).

*Id.,* Exhibit B, at 2. In addition, they served with their complaint interrogatories and requests for production of documents on the defendants in the Alabama case which seek disclosure of information about and production of documents from the instant case. *Id.,* Attached Copy of Interrogatories to Defendants at 9–10; Attached Copy of Plaintiffs' First Request for Production of Documents at 5.

On October 16, 1992, the Alabama Plaintiffs–in–Intervention filed an amended complaint alleging, among other things, essentially the same conspiracy as alleged by the Alabama Plaintiffs. *See* Second Motion, Exhibit B (hereinafter Alabama Intervenors' Amended Complaint), at 5. The Alabama Plaintiffs–in–Intervention apparently have not served their own subpoena(s) for documents or information allegedly covered by the Protective Order, and do not indicate whether they have served requests for production of documents or interrogatories on the Defendants seeking the same. They do, however, assert the right to inspect and copy

Rogers Inc's Memorandum in Opposition to the Motion for Permissive Intervention (Doc. # 165) (hereinafter V.W. & R. Memorandum), filed on November 6, 1992; Memorandum of Chemicals, Inc. in Opposition to Motion of City of Tuscaloosa et al. for Permissive Intervention and for Modification of the Protective Order (Doc. # 166)

(hereinafter Chemicals, Inc. Memorandum), filed on November 12, 1992; and the Opposition of Jones Chemicals, Inc. to Motion for Permissive Intervention and Joinder in Oppositions of Co–Defendants (Doc. # 167) (hereinafter Jones Chemicals Memorandum), filed on November 13, 1992.

whatever documents are produced in response to the Alabama Plaintiffs' subpoena. Second Motion at 3. Accordingly, a ruling on the merits of the Alabama Plaintiffs' motion should effectively dispose of the motion of the Alabama Plaintiffs–in–Intervention.

The First Motion seeks leave to intervene to modify the Protective Order to allow the Alabama Plaintiffs access to information and materials previously requested to the extent such access is currently barred by the Protective Order. *See* First Motion at 3–4. Four of the original six Defendants have filed memoranda in opposition to this motion,[2] contending it does not comply with the prerequisites of Rule 24 of the Federal Rules of Civil Procedure and that modification of the Protective Order would upset the reasonable expectations of the parties and deny them their right to assert and litigate their claims of privilege.

### Discussion

■ As an initial matter, it is clear the Alabama Plaintiffs and Alabama Plaintiffs–in–Intervention (hereinafter collectively referred to as Movants) have followed the correct procedure for seeking modification of the Protective Order. The great weight of authority holds that seeking leave to intervene pursuant to Rule 24(b), Federal Rules of Civil Procedure, in the case in which a protective order was entered is the proper mechanism for challenging or seeking the modification of that order. *See, e.g., Beckman Industries, Inc. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir.), *cert. denied sub nom. International Ins. Co. v. Bridgestone/Firestone, Inc.,* — U.S. ——, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992); *United Nuclear Corporation v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir.1990), *cert.*

*denied sub nom. American Special Risk Ins. Co. v. Rohm & Haas Co.,* 498 U.S. 1073, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991); *Public Citizen v. Liggett Group, Inc.,* 858 F.2d 775, 783 (1st Cir.1988); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.,* 823 F.2d 159, 162 (6th Cir.1987); *In re Beef Industry Antitrust Litigation,* 589 F.2d 786, 789 (5th Cir.1979).

■ Rule 24(b) provides that "[u]pon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common." However, the district court retains the discretion to deny intervention even if the requirements of timeliness and commonality are met. *Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989). "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Rule 24(b), Federal Rules of Civil Procedure.

### A. The Motions are Not Untimely

■ Defendants first contend, relying on *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir.1977), that the Movants' application for intervention is untimely. V.W. & R. Memorandum at 4. The *Stallworth* court outlined four factors to consider when determining whether the timeliness requirement is met: (1) how long the putative intervenor knew or should have known of his interest in the case; (2) prejudice to the opponents of intervention caused by the putative intervenor's failure to intervene when it first learned of its interest; (3) prejudice to the putative intervenor if intervention is denied; and (4) unusual circumstances weighing for or against a finding of timeliness. *See id.* at

2. The Alabama Plaintiffs contend that Defendants, Chemicals, Inc., Jeffrey L. Champagne, and nonparty Shirley Jones "who are not parties to the Alabama case and *to whom no discovery nor subpoena has been served*" have no privilege to protect. Memorandum in Response to Van Waters & Rogers, P.B. & S. Chemical Co., and Jones Chemicals and in Support of Motion for Permissive Intervention to Modify Protective Order (Doc. # 185) (hereinafter Alabama Plaintiffs' Reply), filed on December 21, 1992, at 2 n. 1. However, it was made clear at the hearing that at least some Defendants have the documents of

other parties to this case, and the State of Florida has advised it has retained certain CID materials. *See infra* note 7. Chemicals, Inc. represents that it designated portions of CID depositions as confidential pursuant to the Protective Order. *See* Chemicals, Inc. Memorandum at 3. Since Movants seek to obtain such materials from the Plaintiff and certain Defendants in this case who are bound by the Protective Order, Chemicals, Inc., as a party to that order, may assert its rights thereunder against production by these parties.

264–66. Defendants argue that, because the Alabama Plaintiffs knew or should have known of their interest in this case since early 1990, their motion to intervene is untimely as a matter of law. V.W. & R. Memorandum at 4–5.

■ It is well settled that "timeliness is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth,* 558 F.2d at 263 (quoting *United States v. United States Steel Corp.,* 548 F.2d 1232, 1235 (5th Cir.1977) (quoting *NAACP v. New York,* 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973))). Various courts have recognized that the timeliness requirement of Rule 24(b) was designed to prevent prejudice to the adjudication of the rights of the original parties, and that this concern is not implicated when the case is settled and the intervention is for the collateral purpose of seeking modification of a protective order. *See, e.g., United Nuclear Corp.,* 905 F.2d at 1427; *Meyer Goldberg, Inc.,* 823 F.2d at 162. Consequently, delays of as much as three years from the termination of the case have been found to be not unreasonable. *United Nuclear Corp.,* 905 F.2d at 1427; *Olympic Refining Co. v. Carter,* 332 F.2d 260, 265–66 (9th Cir.), *cert. denied,* 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964). In this case, the First Motion was filed five months and the Second Motion was filed seven months after the May 1992 Order which otherwise effectively terminated the action. In light of this and the fact the relief sought is purely of a collateral nature, the motions to intervene were not untimely.[3]

## B. The Claim or Defense Requirement is Met

■ Defendants next argue that the First Motion should be denied because it is not "accompanied by a pleading setting forth the claim or defense for which intervention is

sought." Rule 24(c), Federal Rules of Civil Procedure. *See* V.W. & R. Memorandum at 8–9. Actually, both motions to intervene were accompanied by the complaint(s) filed in the Northern District of Alabama by the respective movants. *See* First Motion, Exhibit A; Second Motion, Exhibit A, B. Moreover, "[s]ome courts of appeals have denied intervention to movants who have failed strictly to heed the requirements of Rule 24(c), but the majority of circuits, including this circuit, has not, choosing instead to disregard nonprejudicial technical defects." *Piambino v. Bailey,* 757 F.2d 1112, 1121 (11th Cir.1985) (citation omitted). In addition to submitting their respective complaints, Movants submitted copies of the subpoena issued to counsel for the Plaintiff in this case, and the Alabama Plaintiffs have submitted interrogatories and requests for documents propounded to Defendants which seek information and documents related to the instant action. *See, e.g.,* First Motion, Attached Copy of Interrogatories to Defendants at 9–10; Attached Copy of Plaintiffs' First Request for Production of Documents at 5. The Alabama Plaintiffs also have submitted answers to its interrogatories and requests for production of documents which show references by one Defendant to discovery obtained in this action. *See* Alabama Plaintiffs' Reply, Exhibits A, at 20; B, at 19. Thus, even if Movants did not technically comply with the pleading requirement of Rule 24(c), the information they have provided adequately informed the Defendants and this Court of the basis for the proposed intervention. Accordingly, there is no prejudice to Defendants from any technical failure to comply with Rule 24(c).

## C. There are Common Questions of Law and Fact

■ Defendants further assert that there are no questions of law or fact common to both the Alabama case and this case. V.W.

---

**3.** Defendants contend that modification of the Protective Order would prejudice their substantive claims of privilege, that denial of same would not prejudice the Movants, and that the secrecy requirements of the Florida Civil Investigative Demand (CID) Statute, Fla.Stat.Ann. § 542.28(9), weigh against a finding of timeliness. *See* V.W. & R. Memorandum at 6–8. The

Court does not independently examine these arguments in light of the factors outlined in *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir. 1977), because the Court is of the view they are more relevant to the determination of whether, assuming an appropriate intervention, the Protective Order should be modified.

& R. Memorandum at 9. Defendants rely on the fact the cases allege activity in two different states and contend these activities involved separate offices of the Defendants. *Id.* at 9–10. A reading of the respective complaints, however, reveals that while the Plaintiffs in each case are all from one state, the unlawful conspiracy alleged to give rise to their claims is not geographically limited to a single state. The State of Florida's amended complaint, for example, alleges that "[t]he daily activities of Defendants involve the constant exchange of data, information, correspondence and financial arrangements between their Florida operations and their corporate offices in [out of state locations]." Amended Complaint and Demand for Jury Trial (Doc. # 62) (hereinafter Florida Amended Complaint), filed on February 14, 1991, at 35–36; *see also* First Motion, Exhibit A, at 5–6 (alleging essentially the same thing); Second Motion, Exhibit B, at 5 ("defendants have conspired across state lines in violation of the antitrust laws of the United States"). Moreover, the nature of the conspiracy alleged is the same in each complaint. *Compare* Florida Amended Complaint at 36 *with* Alabama Complaint at 7 *and* Alabama Intervenors' Amended Complaint at 5. Under these circumstances, it is manifest there are questions of both law and fact common to this case and the Alabama case sufficient to satisfy the commonality requirement of Rule 24(b). *See United Nuclear Corp.,* 905 F.2d at 1427 ("[w]hen a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits.").

### D. Modification is Not Warranted in this Case

Because Movants have chosen the proper procedure and met all of the procedural prerequisites for intervention, the Court will grant their motions insofar as they seek to intervene in this case. *See Public Citizen,* 858 F.2d at 787. However, the Court must undertake a separate inquiry to determine whether modification of the Protective Order is warranted.

■ "A district court has broad discretion when fashioning protective orders." *In re Alexander Grant & Co. Litigation,* 820 F.2d 352, 357 (11th Cir.1987) (per curiam). "[T]he sole criterion for determining the validity of a protective order is the statutory requirement of 'good cause.'" *Id.* at 356. In this case, the District Court exercised its discretion and entered the instant Protective Order which provides in paragraph 10 thereof:

> At the termination of this litigation, all [information, documents and materials marked as containing confidential information], including copies or reproductions thereof, in the possession of anyone other than the party that produced it shall be promptly returned to counsel for the party that produced it, or, in the alternative, destroyed. Memoranda, work product, or notes prepared by counsel, their staff, or authorized outside consultants or experts which contain CONFIDENTIAL INFORMATION shall be treated as CONFIDENTIAL INFORMATION during the pendency of this lawsuit, and shall be destroyed in accordance with this paragraph.

Protective Order at 6. This Order was entered by stipulation of the parties to this case, *see id.* at 1, and its validity is not challenged here.[4] Movants seek merely to become a party to the Protective Order. *See* Alabama Plaintiffs' Reply at 13.

As the above quote makes clear, however, the documents and materials Movants seek to obtain from the parties in this case should no longer be in their possession.[5] The action

---

4. Moreover, the Protective Order was properly entered because:

> [I]n complex litigation where document-by-document review of discovery materials would be unpracticable, and when the parties consent to an umbrella order restricting access to sensitive information in order to encourage maximum participation in the discovery process, conserve judicial resources and prevent the abuses of annoyance, oppression and embarrassment, a district court may find good cause and issue a protective order pursuant to Rule 26(c).

*In re Alexander Grant & Co. Litigation,* 820 F.2d 352, 357 (11th Cir.1987).

5. While the parties' recollections concerning the confidential information are not subject to being "returned" or "destroyed", they may not be probed by way of deposition without undermining the purpose of the Protective Order, which

was effectively terminated in May 1992. Under the terms of the Protective Order, any documents produced by the parties which were designated "confidential information" should have been "promptly" returned to the party that produced them or destroyed. While no time limit was placed on the performance of this duty, the Court believes there was more than ample time in which to comply prior to the filing of the First Motion. That being so, the Court must presume its Order has been complied with fully to avoid giving future litigants an incentive to disregard its orders as well as to protect Defendants' reasonable reliance on the inviolability of a Court Order. *Cf. Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) (modification may be denied when it would "tangibly prejudice substantial rights of the party opposing modification"). Failure to protect Defendants' reliance on the Protective Order would not only prejudice the confidentiality interests of Defendants,[6] it would undermine the effectiveness of protective orders in facilitating discovery. *See* note five, *supra.* Even though it appears full compliance has not, in fact, been achieved in this case,[7] permitting Movants to benefit from such noncompliance would only erode even further the respect accorded the Court's protective orders, as well as the ability of litigants to act in reliance thereon.

That being said, however, Movants are not without alternatives. Paragraph 14 of the Protective Order provides that "[n]othing herein shall prevent a party from using or disclosing its own documents or information." Protective Order at 7. Thus, Defendants may not argue in good faith that they are prohibited by the terms of the Protective Order from disclosing their own, as opposed to other parties', confidential information.[8] Indeed, Van Waters & Rogers has indicated a willingness to identify witnesses and produce certain statements related to a similar case brought in the Northern District of Florida, *see* Alabama Plaintiffs' Reply, Exhibits A, B, and no satisfactory reason has been advanced why Defendants would be unwilling to do the same with respect to the instant case, especially given the entry of the Protective Order in the case pending before the Northern District of Alabama. *See* Second Motion, Exhibit D.

The State of Florida likewise retains the right to disclose its own documents and materials produced in this case, assuming they

---

was to facilitate discovery in the instant action while limiting the use and dissemination of discovery materials designated as confidential to the instant action. *See* P.B. & S. Memorandum at 2–3; V.W. & R. Memorandum at 6; Chemicals, Inc. Memorandum at 5. If the Protective Order failed to accomplish this purpose in the instant case, Defendants would have little incentive to agree to such an order in future litigation. *See* V.W. & R. Memorandum at 13. This, in turn, would undermine the effectiveness of such orders in facilitating discovery recognized in *In re Alexander Grant & Co. Litigation.*

**6.** Chemicals, Inc. states, for instance, that "disclosure would invade the legitimate business, financial, and personal confidentiality interests of Chemicals, Inc. and the deponents." Chemicals, Inc. Memorandum at 5. Similar claims of prejudice are advanced by the other Defendants. *See* P.B. & S. Memorandum at 3; V.W. & R. Memorandum at 6; Jones Chemicals Memorandum at 2.

**7.** The State of Florida advises in its reply that "under the Protective Order ... many of the documents in question were returned to defendants or destroyed. The only exception to the above are documents obtained and statements taken pursuant to CID by the State of Florida as well as certain deposition material." State of Florida's Reply or Amicus Brief with Regard to Permissive Intervention to Modify Protective Order (Doc. # 184), filed on December 21, 1992, at 8. Thus, it is possible Plaintiff has withheld documents subject to the Protective Order based on claims of privilege under Florida law. It is not clear, however, whether the materials withheld were ever brought under the protection of the Protective Order pursuant to paragraph two thereof. To the extent they were not, their discoverability turns on questions of relevance and privilege which the Northern District of Alabama is more competent to resolve in the context of the litigation pending before it. *See United Nuclear Corporation v. Cranford Ins. Co.*, 905 F.2d 1424, 1428–29 (10th Cir.1990), *cert. denied sub nom. American Special Risk Ins. Co. v. Rohm & Haas Co.*, 498 U.S. 1073, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991).

**8.** Of course, the Court expresses no view as to the relevance of these documents to the case pending before the Northern District of Alabama, nor of the applicability of any confidentiality or other privilege that may be asserted.

are not otherwise privileged.[9] The only documents and materials the parties are prohibited from disclosing to Movants under the terms of the Protective Order are those designated as containing the confidential information of other parties. According to Defendant Van Waters & Rogers, those are the only materials it has withheld from the Movants on the grounds it was covered by the Protective Order.

The Court recognizes that requesting the documents from each individual party may not be as expedient as modifying the Protective Order so as to allow the Movants to obtain covered materials from any party who possesses them. Defendants may assert relevancy and privilege objections to these requests not asserted in this action because of the Protective Order. However, Movants' concerns against duplication of effort must, in this case, yield to the Defendants' reasonable reliance on a stipulated Court Order. Movants were not parties to the negotiations which produced the stipulated Protective Order. Under the express terms of the Protective Order, all those who were parties thereto were to surrender their possession of any covered materials after the termination of the action. Movants cannot in good faith argue that they are now entitled to obtain from the parties that which the parties themselves are not entitled to have.[10]

In sum, Movants must seek to obtain these materials from the Defendants through the normal discovery channels in the district court before which their complaints are pending, and Defendant is entitled to assert whatever grounds it has for opposing the demands. *See Stack v. Gamill,* 796 F.2d 65, 68 (5th Cir.1986). None of this, moreover,

implicates the instant Protective Order. Accordingly, for all the reasons set forth above, the Motions for Permissive Intervention to Modify Protective Order (Docs. ## 157 & 180) are hereby **GRANTED** to the extent Movants are permitted to intervene to seek modification of the Protective Order; otherwise they are **DENIED**.

**DONE AND ORDERED.**

---

9. For example, the Florida CID statute may require the Plaintiff to maintain the confidentiality of these documents. Movants misconstrue the Order of this Court entered on February 25, 1991 (Doc. # 69), which held merely that the *statute* does not create a privilege against disclosure of the materials to the *target* of the investigation once civil proceedings have been initiated against the target. The Order does not address a situation like that present here where a third party seeks access to CID materials concerning the target. The Court agrees with the Honorable Roger Vinson, United States District Judge, however, that compelled disclosure of such materials to the target of the investigation should not operate as a waiver of the privilege with respect to

third parties. *See* Notice of Filing (Doc. # 190), filed on January 20, 1993, Attached Order Denying Motions for Permissive Intervention at 7.

10. This is not to say, however, that the Court agrees with every invocation of the Protective Order by the Defendants. For example, the Court cannot discern how merely identifying "each person who submitted an affidavit or statement in any civil action filed against you by the Antitrust Division of the Attorney General of Florida" could possibly violate the Protective Order. *See* Alabama Plaintiffs' Reply, Exhibit B, at · 32.