In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4147

GOBLE JESSUP,

Plaintiff-Appellee,

v.

ROBERT LUTHER, JAMES SHAFFER, individually
and in his official capacity, DALE ADAMS,
individually and in his official capacity, et
al.,

Defendants-Appellees.


APPEAL OF:
MID-ILLINOIS NEWSPAPERS, INCORPORATED,

Proposed Intervenor.


Appeal from the United States District Court
for the Central District of Illinois.
No. 97 C 2241--David G. Bernthal, Magistrate Judge.


Argued May 12, 2000--Decided August 31, 2000


  Before RIPPLE, MANION and WILLIAMS, Circuit Judges.

  RIPPLE, Circuit Judge.  Mid-Illinois Newspapers,
Inc. (the "Newspaper") moved to intervene in this
employment dispute for the purpose of contesting
the district court's decision to seal the
settlement agreement reached between the
litigants. The district court denied the
Newspaper's motion to intervene, and the
Newspaper timely appealed. For the reasons set
forth in the following opinion, we reverse the
judgment of the district court and remand for
further proceedings consistent with this opinion.

I
BACKGROUND
A.

  This action originated from an employment
dispute between Goble Jessup and Lake Land
College, its president and board of trustees
(collectively the "Parties"). Jessup alleged that

Lake Land College, a public community college in Illinois, had terminated his employment in violation of the Constitution and other federal laws. Two years later, as a result of a court-conducted settlement conference, Jessup reached a settlement agreement (the "Settlement Agreement") with the defendants. One of the terms of the Settlement Agreement was a confidentiality clause that prohibited the disclosure of any information concerning the terms of settlement. Consistent with the Parties' agreement, the district court entered the following order:

All matters pertaining to the settlement are confidential. Accordingly, all documents related to the settlement are to be sealed. This will include any documents submitted by the parties other than the order of dismissal. The transcript of proceedings on September 3, 1999, filed September 4, 1999, shall likewise be sealed.

Minute Entry of September 15, 1999.

Following the entry of this order, the Newspaper filed a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure; the motion was not accompanied by a supporting memorandum of law, as required by local rule. The Parties opposed the motion to intervene.

B.

In its disposition of the motion, the district court noted that the Newspaper had failed to file a memorandum in support of its motion to intervene and also had filed a reply memorandum concerning the same motion, both in violation of Central District of Illinois Local Rule 7.1 (B)(1). Despite this shortcoming, however, the district court addressed the merits of the Newspaper's motion.

Looking first at the requirements for intervention as of right under Federal Rule of Civil Procedure 24(a)(2), the district court determined that the Newspaper met three of the four criteria for intervention as of right: (1) the application was timely; (2) the Newspaper's interest would be impaired by disposition of the action without the Newspaper's involvement; and (3) the Newspaper's interest was not adequately represented by one of the existing parties to the action. The district court, however, found that one crucial element was missing: the Newspaper could not establish a direct and substantial interest in the subject matter of the litigation. The court concluded that the Newspaper's claimed interests, "rights of access to judicial records and proceedings, as well as the conduct of the public entity and public officials," was "a general one and applies to any case filed in this Court." R.47 at 3. Because the Newspaper's

interests did "not extend to the employment relationship" between the Parties, the district court held that the Newspaper had "failed to assert an interest in the lawsuit that would justify its intervention as of right." Id.

The district court also concluded that the Newspaper had not established a common question of law or fact to justify permissive intervention under Federal Rule of Civil Procedure 24(b)(2). It stated:

The question of whether settlement should be confidential is a question raised by the [Newspaper]. However, the underlying case involves only the rights and obligations of the parties arising from the employment relationship between the Plaintiff and Lakeland [sic] College. There is no common question of law or fact.

Id.

Finally, the district court articulated the policy consideration that, in its view, justified the confidentiality order: the efficient disposition of litigation through settlement. The court noted that its ability to facilitate settlement would be substantially hindered if it could not guarantee confidentiality--a condition that could be imposed if the Parties had chosen extra-judicial settlement methods. According to the district court, this interest, specifically recognized by Congress in the Alternative Dispute Resolution Act, 28 U.S.C. sec. 651 et seq., superseded any interest of the Newspaper to access./1

The Newspaper timely appealed the denial of its motion to intervene.

II
DISCUSSION
A.

The district court found, and the Parties argue on appeal, that the Newspaper has not met the requirements for intervention under Federal Rule of Civil Procedure 24. Rule 24 provides in relevant part:
Rule 24.  Intervention

(a)  Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or

impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the Unites States confers a conditional right to intervene; or (2) when an applicant's claim or defense in the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
Fed. R. Civ. P. 24. With respect to Rule 24(a)(2), the Parties argue that the Newspaper does not possess an interest relating to the property or transaction which is the subject of the action--an employment dispute./2 Furthermore, the Parties submit, the Newspaper does not present a claim or defense that shares a question of law or fact in common with the main action, such that the Newspaper might be eligible for intervention under Rule 24(b)(2). Because the Newspaper does not articulate an interest cognizable under the language of Rule 24, the Parties conclude, the district court properly denied the Newspaper's motion to intervene. We cannot accept this argument.

The right to intervene to challenge a closure order is rooted in the public's well-established right of access to public proceedings. See Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994). Having roots in both common law traditions and the First Amendment, the right "serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." Id. The recognition of the crucial role of the public has led us to find that "the First Amendment provides a presumption that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question." Associated Press v. Ladd, 162 F.3d 503, 506 (7th Cir. 1998) (internal quotation marks and citations omitted).

In order to preserve the right of access, "those

who seek access to [sealed] material have a right to be heard in a manner that gives full protection to the asserted right." Id. at 507. "[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion from the proceedings or access to documents." Id. at 508 (internal quotation marks and citations omitted). Thus, we have recognized intervention as the logical and appropriate vehicle by which the public and the press may challenge a closure order. See, e.g., Associated Press, 162 F.3d at 507 ("In this circuit, we have intimated that the most appropriate procedural mechanism by which to accomplish this task is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); Grove Fresh, 24 F.3d at 895 ("It is apparent, however, that intervention is the procedurally appropriate course for third-party challenges to protective orders."). This method not only guarantees the public's right to be heard, it also ensures that "the issue [of closure will] be examined in a procedural context that affords the court an opportunity for due deliberation." Associated Press, 162 F.3d at 507.

Although we have recognized the right to intervene to challenge a closure order in the civil context, see Grove Fresh, 24 F.3d at 895, we previously have not characterized this intervention in terms of the language of Rule 24. Indeed, as one of our sister circuits has noted, Rule 24, on its face, "would appear to be a questionable procedural basis for a third-party challenge to a confidentiality order." Equal Employment Opportunity Comm. v. National Children's Ctr., Inc., 146 F.3d 1042, 1045 (D.C. Cir. 1998). Rule 24(a) requires the proposed intervenor to have an "interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2). Alternatively, Rule 24(b) requires that the proposed intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). The interest we articulated in Grove Fresh and Associated Press does not fit neatly within the literal language of either section.

Nevertheless, every court of appeals to have considered the matter has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders. See National Children's Ctr., 146 F.3d at 1045 (collecting cases). As some of these courts have explained, although there is ample justification for the common fact or law requirement when the proposed intervenors seek to become a party to

the action, "[t]here is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992); see also United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990); Meyer Goldberg, Inc. v. Fisher Foods, 823 F.2d 159, 164 (6th Cir. 1987)./3 At least one circuit has applied this broad nexus concept in circumstances where, as here, a member of the public or press seeks to challenge a confidentiality order entered by the district court. In these circumstances, the Third Circuit has held that any party challenging a confidentiality order "meet[s] the requirement of Fed. R. Civ. P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action." Pansy v. Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994).

  Mindful of the Supreme Court's admonition that we should avoid rigid construction of Rule 24, see Missouri-Kansas Pipeline Co. v. United States, 312 U.S. 502, 505-06 (1941),/4 we believe that these circuits have employed sound reasoning. Although the language of Rule 24 was undoubtedly crafted principally for other situations occurring more frequently in federal litigation, we understand our sister circuits' rationale for grounding the type of intervention we have here in Rule 24(b) of the Federal Rules. The language of the Rule certainly could be fashioned more precisely to accommodate situations such as the one before us. Nevertheless, we cannot say that reliance on Rule 24(b) does violence to its intended purposes of bringing before the court, in orderly fashion, those whose legal interests will be directly and substantially affected by the course of the litigation.

     Nor can we say that permitting intervention for the purpose of deciding the confidentiality issue impermissibly stretches the wording of the Rule. Here, the Newspaper asserts a right directly and substantially related to the litigation, a right of access to court proceedings and documents born of the common law and the First Amendment. A necessary corollary to this principle is that those who seek access to sealed proceedings or documents "have a right to be heard in a manner that gives full protection of the asserted right." Associated Press, 162 F.3d at 507. The public and the press must have "an adequate opportunity, under the circumstances of the case, to challenge [the] limitation by stating to the court the reasons why the material should remain subject to public scrutiny." Id. Therefore, when a district court enters a closure order, the

public's interest in open access is at issue and that interest serves as the necessary legal predicate for intervention. Similarly, from the Parties' perspective, their interest in the non-disclosure of the settlement agreement is a central aspect of this litigation. Although the Parties take a very different view of the matter of confidentiality, nevertheless, that confidentiality is--in the language of Rule 24(b)(2)--a "question of law . . . in common" between the Parties and the Newspaper.

In sum, the district court sealed a portion of its proceedings and records pursuant to the Parties' request. When it took this action, the Newspaper's presumptive right to access was implicated, and the Newspaper should have been allowed to intervene for the limited purpose of challenging the district court's order./5

B.

The Parties urge us to consider the merits of the closure issue. Specifically, the Parties suggest that efforts by district courts to mediate and settle disputes will be impeded and that the confidential nature of employer-employee relations will be called into question should the district court be required to rescind the protective order. These are, indeed, weighty concerns. However, they are concerns that are not properly before us at this time. As we stated in Associated Press, "when a party has been unsuccessful in its motion to intervene, it may appeal only the order denying intervention." 162 F.3d at 506. Because only the order denying intervention is before us today, we have no occasion to consider the merits of either the Newspaper's or the Parties' contentions concerning the nondisclosure order. This will be the task of the district court on remand./6

Conclusion

On remand, the district court shall grant the Newspaper's right to intervene and then proceed to consider its right of access claim. We express no opinion on the latter issue, which ought to be determined in the first instance by the district court. Accordingly, we reverse the district court's order denying the Newspaper's motion to intervene, and we remand for further proceedings consistent with this opinion.

REVERSED and REMANDED


/1 Specifically, the district court quoted 28 U.S.C. sec. 652(a), which states in pertinent part:

[E]ach district court shall, by local rule adopted under section 2071(a), require that litigants in all civil cases consider the use of an alternative dispute resolution process at an appropriate stage in the litigation. Each district court shall provide litigants in all civil cases with at least one alternative dispute resolution process, including, but not limited to, mediation, early neutral evaluation, minitrial, and arbitration as authorized in sections 654 and 658.

/2 The Newspaper does not contend that it possesses an unconditional right to intervene pursuant to a statute under Rule 24(a)(1) or a conditional right to intervene pursuant to a statute under Rule 24(b)(1).

/3 But cf. United States v. Kentucky Utilities Co., 927 F.2d 252 (6th Cir. 1991) (holding that media representative's motion to intervene must be evaluated under Rule 24(a)(2) because the proposed intervenor was asserting a right to discovery documents that were in the hands of litigants, had not been filed with the court, and were not subject to a protective order).

/4 In that case, the Missouri-Kansas Pipeline Company sought to intervene in the modification of a consent decree reached between the United States and a competing gas and oil company, Columbia Gas & Electric Corporation. The consent decree had reserved certain rights for the Missouri-Kansas Pipeline Company in order to improve competition. Columbia Gas & Electric argued, inter alia, that Rule 24 did not provide a basis for intervention. The Court stated:

All of these arguments misconceive the basis of the right now asserted. Its foundation is the consent decree. We are not here dealing with a conventional form of intervention, whereby an appeal is made to the court's good sense to allow persons having a common interest with the formal parties to enforce the common interest with their individual emphasis. Plainly enough, the circumstances under which interested outsiders should be allowed to become participants in a litigation is, barring very special circumstances, a matter for the nisi prius court. But where the enforcement of a public law also demands distinct safeguarding of private interests by giving them formal status in the decree, the power to enforce the rights thus sanctioned is not left to the public authorities nor put in the keeping of the district court's discretion.

Missouri-Kansas Pipeline Co., 312 U.S. at 505-06.

/5 In addition to arguing that the Newspaper failed to meet the requirements of Rule 24, the Parties encourage us to "consider" the fact that the Newspaper violated Local Rule 7.1 when it failed to support its motion to intervene with a memorandum of law. Local Rule 7.1 states in pertinent part: "Every motion raising a question of law shall be accompanied by a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the rule under which the motion is filed."

The district court recognized that the Newspaper had violated the local rule. It stated: "By not initially filing a memorandum of law when the motion to intervene was filed, Applicant disregarded [Local Rule] 7.1(B)(1). By filing the reply, it violated the same rule. The Court has previously stricken the reply. Disregard of the Court's rules will not be rewarded." R.47 at 2 n.1. Despite the deficiency, the district court considered the merits of the intervention motion and ruled in favor of the Parties.

We review a district court's enforcement of its own rules for an abuse of discretion. Cf. Little v. Cox's Supermarkets, 71 F.3d 637, 640 (7th Cir. 1995) (stating that, in the context of a local summary judgment rule, "it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion"). The Parties do not argue that the district court abused its discretion in reaching the merits of the motion, and we are not inclined to second guess, sua sponte, the district court.

/6 The Newspaper filed a motion in this court to strike those portions of the Parties' brief which address the policy concerns that weigh against disclosure of the settlement terms. Although we do not find occasion to consider the Parties' arguments, there are circumstances under which such arguments might be relevant, even at the intervention stage. For instance, in Associated Press, we did not foreclose the possibility that "a failure to permit intervention [could] be considered harmless if the position of the petitioner had been fully considered by the court." 162 F.3d at 508-09. Consequently, because the issues of intervention and access do overlap in some circumstances, we see no occasion to strike any portions of the Parties' brief. Accordingly, the Newspaper's motion is denied.