**SUNBELT VETERINARY SUPPLY, INC., et al., Plaintiffs,**

v.

**INTERNATIONAL BUSINESS SYSTEMS UNITED STATES, INC., et al., Defendants.**

CIV.A. No. 97–A–622–N.

United States District Court, M.D. Alabama, Northern Division.

May 3, 2001.

Nat Bryan, David H. Marsh, Marsh, Rickard & Bryan, PC, Susan J. Silvernail, Marsh, Rickard & Bryan, PC, Birmingham, AL, for plaintiffs.

Ollie L. Blan, Jr., Spain & Gillon, L.L.C., Birmingham, AL, Paul N. Phillips, IBS, U.S. Legal Department, Folsom, CA, H.E. Nix, Jr., Nix Holtsford Gilliland Lyons & Higgins PC, Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

This matter is before the court on the proposed Intervenors' Objection to the Order of the Magistrate Judge issued on April 4, 2001.[1] On April 2, 2001, Clutch and Transmission Service, Inc. ("CATCO"), Globe Machinery & Supply Company ("Globe"), and Safeco, Inc. ("Safeco") (collectively "proposed Intervenors") filed a Motion for Permissive Intervention to Modify Protective Order

(doc. # 6). After consideration of the proposed Intervenors' motion, brief, and supporting documentation, the Magistrate Judge denied their request for intervention pursuant to Federal Rule of Civil Procedure 24(b). Based on a review of the record and the relevant caselaw, this court finds that the proposed Intervenors' Objection is well-taken.

## I.  BACKGROUND

On April 22, 1997, Sunbelt Veterinary Supply, Inc. ("Sunbelt") and Dr. Charles F. Franz ("Dr. Franz") brought suit in this court against International Business Systems, United States, Inc. ("IBS") alleging, among other things, breach of contract.[2]  On June 3, 1998, the Magistrate Judge entered a protective order in this case which restricted the disclosure of certain documents produced by IBS in this litigation.[3]

The Sunbelt case never reached trial. Approximately one year after the Magistrate Judge entered the protective order, the parties to this action reached a settlement. As a result of that settlement, this case was dismissed with prejudice on July 29, 1999.

Those who wish to intervene in this settled matter are currently parties to separate lawsuits involving claims against IBS relating to IBS's computer software. CATCO is the defendant and counterclaimant in a case brought by IBS in the United States District Court for the Eastern District of California, Safeco is the plaintiff and counterdefendant in a case filed against IBS in the United

---

1.  The Order showed the case number Misc. No. 3067–N, apparently because that file was established in regard to earlier related matters. The clerk is directed to renumber the Order and all matters related to the Motion for Permissive Intervention to properly reflect Civil Action No. 97–A–622–N and to reopen that file.

2.  IBS produces and sells computer software in the United States.

3.  The relevant provisions of the protective order state:

1.  The parties and their counsel shall not give, show, or otherwise divulge, either directly or indirectly, any confidential, competitively sensitive, proprietary information, trade secrets, or business secrets, including but not limited to research and development, marketing strategies, business plans, customer lists,

prospect lists, forms of contracts, and/or pricing information, or documents claimed to contain such information, produced by the defendant (or any other entity) in this action, or the substance thereof, or any copies, descriptions, prints, negatives, or summaries thereof, to any entity except the parties, their counsel, or any of their agents or experts and consultants, in connection with and solely for the purpose of prosecuting this litigation.

5.  If a party, in his pleadings, briefs, memoranda, or other submissions to this court, refers to any of the documents or materials subject to this protective order, or if a party attaches any of such documents or materials as exhibits to pleadings, briefs, memoranda, or other submissions, the party shall file therewith a motion to seal the submissions.

States District Court for the Eastern District of Tennessee, and Globe is the plaintiff and counterdefendant in a case filed against IBS which is proceeding in the United States District Court for the Northern District of Texas (collectively "the IBS lawsuits"). The IBS lawsuits relate to the production of computer software and sale of that software to the proposed Intervenors. Proposed Intervenors are of the belief that certain relevant and "damaging" documents produced by IBS in this case and covered by the protective order will aide them in the IBS lawsuits.

## II. *STANDARD OF REVIEW*

An order denying a nonparty's motion to intervene is dispositive. *Cf. United States v. South Florida Water Management Dist.*, 922 F.2d 704, 706 (11th Cir.1991) (holding that a district court's order denying a motion to intervene is appealable). A district court reviews *de novo* those portions of a magistrate judge's disposition to which specific written objections have been made. Fed. R.Civ.P. 72(b).

## III. *DISCUSSION*

Proposed Intervenors present one objection to the Magistrate Judge's Order. They claim that the Magistrate Judge's narrow reading of Federal Rule of Civil Procedure 24(b) is at odds with virtually all of the cases which have discussed the matter of post-settlement permissive intervention by nonparties.

The Magistrate Judge's Order is premised on the plain language of Rule 24(b) [4] and its accompanying Advisory Notes which allow for permissive intervention for the purpose of litigating a claim or defense in a pending action on the merits. The Magistrate Judge, relying heavily on the fact that the dispute between Sunbelt and IBS had already settled

and that the proposed Intervenors are "merely seek[ing] access to documents that were exchanged by the parties ...," denied intervention. Order at unnumbered page 3.

■ Most courts that have addressed the issue have read Rule 24(b) more flexibly than did the Magistrate Judge in this case. *See, e.g., E.E.O.C. v. National Children's Center, Inc.*, 146 F.3d 1042, 1045 (D.C.Cir.1998) (collecting cases). "[D]espite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *Id.* This court finds that the proposed Intervenors have followed the correct procedure for seeking modification of the protective order in this case. *State ex rel. Butterworth v. Jones Chemicals, Inc.*, 148 F.R.D. 282, 285 (M.D.Fla.1993). Moreover, this court concludes that Rule 24(b) allows, though not explicitly, for post-settlement permissive intervention on the part of nonparties for the purpose of modifying protective orders. *Accord Jessup v. Luther*, 227 F.3d 993 (7th Cir.2000); *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470 (9th Cir.), *cert. denied sub nom., International Ins. Co. v. Bridgestone/Firestone, Inc.*, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir.1990), *cert. denied sub nom., American Special Risk Ins. Co. v. Rohm & Haas Co.*, 498 U.S. 1073, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991); *National Children's Center*, 146 F.3d 1042 (D.C.Cir.1998).[5]

■ Rule 24(b) provides that "[u]pon timely application anyone may be permitted to intervene in an action ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

---

**4.** Federal Rule of Civil Procedure 24(b) reads in relevant part:

> **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the interven-

tion will unduly delay or prejudice the adjudication of the rights of the original parties.

**5.** While the Eleventh Circuit has not addressed this precise issue, the tone of its decision in *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir.1992) suggests that the Eleventh Circuit would be inclined to follow the rule allowing for post-settlement intervention under Rule 24(b) in a case such as this one.

*Id.* Even if these requirements of timeliness and commonality are met, however, the district court retains the discretion to deny intervention. *Id; Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989).

Under *Stallworth v. Monsanto Co.,* 558 F.2d 257 (5th Cir.1977)[6], the former Fifth Circuit set out four factors to consider in determining whether the timeliness requirement of Rule 24(b) has been met: (1) "[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene"; (2) "[t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case"; (3) "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied" and (4) "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." *Id.* at 264–66. Timeliness is not limited to chronological considerations but "is to be determined from all the circumstances." *Id.* at 263 (citations omitted).

◼ Strict adherence to the timeliness requirement is not a concern when the underlying lawsuit has been settled "and the intervention is for the purpose of modifying a protective order." *Butterworth,* 148 F.R.D. at 286 (citations omitted). Delays of up to three years from the time the underlying suit was terminated by settlement have been considered "timely" for purposes of Rule 24(b). *See United Nuclear,* 905 F.2d at 1426–27.

◼ Here, the underlying suit settled sometime before July 29, 1999. Proposed Intervenors filed their Motion for Permissive Intervention to Modify Protective Order on April 2, 2001, less than two years after this case settled. Given that the proposed Intervenors' Motion does not reach the merits of the underlying case and that it involves only the collateral matter of the protective order,

this court concludes that it would be imprudent to deny permissive intervention on timeliness grounds. *See United Nuclear,* 905 F.2d at 1427 ("Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose."); *accord Butterworth,* 148 F.R.D. at 286.

◼ The second requirement for permissive intervention under Rule 24(b)(2) is commonality. The proposed Intervenors must have a claim or defense which shares a common question of law or fact with the underlying action. *Id.* In cases such as this one, this requirement has been read loosely by the circuit courts. *See, e.g., National Children's Center,* 146 F.3d at 1047–48 (" 'no particularly strong nexus of fact or law need exist between the two suits' when a nonparty seeks to intervene for the sole purpose of gaining access to documents subject to a confidentiality order.") (quoting *United Nuclear Corp.,* 905 F.2d at 1427).

◼ Here, the proposed Intervenors have submitted copies of the complaints filed in the IBS lawsuits pending in other jurisdictions. It is clear that the proposed Intervenors' claims and counterclaims in the IBS lawsuits share common questions of law and fact with the underlying action. Accordingly, this court also finds that the commonality requirement of Rule 24(b) has been satisfied.

◼ There remains the issue of discretion under Rule 24(b). Even if the prerequisites of timeliness and commonality are met, the court is not required to order intervention. Rule 24(b) provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." As has already been discussed, the proposed Intervenors' entry will not affect the adjudication of the rights of the original parties because the underlying case has been terminated by settlement. Therefore, the court finds that the requested inter-

---

**6.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

vention should be allowed and the request for modification of the protective order considered on its merits.

## IV. *CONCLUSION*

In sum, the proposed Intervenors plainly satisfied the requirements for permissive intervention under Rule 24(b)(2). The Magistrate Judge's Order issued on April 4, 2001 was in error on this point. Therefore, it is hereby Ordered as follows:

1. The Objection is sustained and the Magistrate Judge's Order of April 4, 2001 is Vacated and Set Aside.

2. The Motion to Intervene is Granted.

3. This matter is recommitted to the Magistrate Judge pursuant to Rule 72(b) for consideration of the merits of the Intervenors' arguments relating to their requested modification of the protective order entered by the Magistrate Judge on June 3, 1998.